OTT, Judge.
The trial court suppressed appellee’s confession and evidence seized in a search of appellee’s residence, finding that appellee had neither knowingly waived his Miranda rights nor knowingly consented to the search. We reverse.
The facts are taken from the tape-recorded interrogation of appellee by Detective Daniels of the Fort Myers Police Department. A court reporter transcribed the tape as it was being played at the motion to suppress hearing. There was no conflicting testimony given at the hearing.
Daniels read Miranda rights to appellee. Daniels then asked appellee, “Do you understand what I just read to you?” Appel-lee responded, “Yes.” Daniels then explained the rights to appellee a second time, saying, in part, “That means that whenever I ask you some questions, you do not have to answer those questions if you don’t want to.” Appellee responded, “Okay.” Appellee signed a written waiver of rights form and made inculpatory statements.
Toward the end of the interrogation, Daniels advised appellee that he (Daniels) would like to go to appellee’s apartment to search for evidence which might be linked to the crime. Daniels informed appellee of his right to refuse to consent to the search, that appellee could require Daniels to secure a search warrant, and that anything seized could be used against appellee. Ap-pellee indicated that he understood these rights, and he signed a consent to search form. Incriminating evidence was seized from appellee’s apartment.
At the end of the suppression hearing, the trial judge announced the following reason for granting the motion to suppress:
THE COURT: Thank you, gentlemen. I will not quarrel with Mr. Daniels’ explanation of the rights. I think they are adequate for the situation and very good for the situation. However, nowhere in the record is it shown that Mr. Williams did acknowledge, that he was giving up those rights. So it means that for there to be a waiver, it must be one that is bound by implication. And although I will not say that the Court cannot imply a waiver, I think to imply a waiver there has to be hard, fast, unimpeachable evidence that the implication is a sound one that the waiver is there.
I feel in this case that Mr. Williams was not given — asked the question: “With these rights in mind, do you wish to give a statement at this time,” or, “Do you wish to consent to a search? And by signing these instruments you are consenting. And if you wish to consent, then sign.”
I grant your Motion, Mr. Friedman.
This case is not unlike Lightbourne v. State, 438 So.2d 380 (Fla.1980). There, the defendant was advised of his Miranda rights prior to interrogation. When asked if he understood his rights, the defendant responded that he did and that he had no reason not to talk to the interrogators. The supreme court held that an express statement by an accused that he fully understands and waives his Miranda rights is not necessary for a valid waiver to have occurred. See also State v. Craig, 237 *674 So.2d 737 (Fla.1970) (no magic words required for valid waiver of counsel).
The same considerations apply to appellee’s consent to a search of his apartment. Appellee was advised that he could refuse to permit Daniels to search the apartment, and appellee indicated he understood this right prior to signing the consent form. No magic words were required. The state met its burden of showing by clear and convincing evidence that appellee freely and voluntarily consented to the search. See Norman v. State, 379 So.2d 643 (Fla.1980). Daniels’ statement that ap-pellee could require the police to obtain a search warrant does not render the consent involuntary. Compare United States v. Savage, 459 F.2d 60 (5th Cir.1972) (consent voluntary where officer advised suspect that police could get a warrant), with Lockwood v. State, 470 So.2d 8221 (Fla. 2d DCA 1985) (consent involuntary where police threatened to remove suspect’s child if not permitted to search).
We reverse the trial court’s order and remand for further proceedings consistent herewith.
GRIMES, A.C.J., and DANAHY, J., concur.